## STATE OF MISSOURI, Respondent, v. NETTIE STOUT, Appellant.

**Kansas City Court of Appeals, January 19, 1914.**

1. **CRIMINAL LAW: Bawdyhouses: Evidence.** Evidence that a woman kept a house with five female inmates and that men called at the house day and night and while there one girl and one man would retire from the general room to a private room for entertainment, is sufficient to sustain a verdict of guilty of keeping a bawdyhouse.

2. **CONSTITUTIONAL QUESTIONS: Evidence: Grand Jury.** In order to raise the constitutional question on the propriety of receiving evidence of what the defendant testified to before the grand jury, such question must be made a ground of objection in the trial court.

Appeal from Boone Circuit Court.—*Hon. D. H. Harris,* Judge.

Affirmed.

*J. L. Stephens* for appellant.

*Anderson & Starrett* for respondent.

ELLISON, P. J.—The defendant was indicted and convicted for keeping a bawdyhouse in Columbia.

The evidence was abundant to support the verdict. Among other testimony one of the inmates of the house testified that defendant kept the house with five female inmates and that men visited the place in day and night-time. That she did not know what they did for a living; that she did not know where the girls came from and did not know the names of all of them. That "one girl would take one man to a private room for the purpose of entertainment," and that she "was not supposed to know what they did."

State v. Stout.

It seems that defendant was before the grand jury and gave a statement under oath, and that was introduced in evidence. It was objected to "for the reason that the defendant has not been used as a witness and therefore it cannot be offered in rebuttal of any testimony on her part—none having been given by her—and for the further reason that it is incompetent for any purpose whatever in this case."

It does not appear that she was before the grand jury by compulsion, or that she made her statement involuntarily. On the contrary she was told by the prosecuting attorney that she need not testify, and cautioned that if she did she need not state anything which would tend to show her guilty of violating the law. In such circumstances the State insists the evidence was proper. "It is everywhere ruled that this is a personal privilege which one may waive and must be held to have waived when he voluntarily answers without objecting that it would incriminate him:" [State v. Faulker, 185 Mo. 673, 695; State v. Douglas, 1 Mo. 527.]

But defendant contends the evidence was not admissible under the Constitution providing that no one shall be compelled to incriminate themselves, or be called upon to give evidence against themselves. It will be observed that this was not made a ground of objection; nor did any suggestion of that kind occur at any time in the trial court. So far as the record shows defendant voluntarily chose to make her statement.

Instruction number one for the State is criticized, but we regard it as entirely proper.

The judgment should be affirmed. All concur.